UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CIVIL NO. 07-11490
                                  HON. LAWRENCE P. ZATKOFF

CLAYTON D. BROOKS,

        Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 2, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment, filed on October 2, 2007 (dkt 11). Defendant has filed a response, and Plaintiff has replied. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's Motion for Summary Judgment is GRANTED.

**II. BACKGROUND**

On or around July 8, 1988, Defendant received a loan in the amount of $2,625 from First Independent Trust Company in Sacramento, California, to attend school at the USA Training Academy. The Nebraska Student Loan Program guaranteed the loan, and the United States

Department of Education reinsured the loan. On August 9, 1994, Defendant defaulted, and the guaranty agency paid the claim to the holder in the amount of $2,782.20. The Department of Education reimbursed the guarantor who in turn unsuccessfully attempted to collect the debt from Defendant. The guarantor assigned its right and title to the loan to the Department of Education on April 4, 1995.

In 1995, the Department of Education entered discussions with Defendant in attempts to resolve the matter. The Department of Education investigated the various defenses set forth by Defendant and rejected them all. The Department of Education then referred the matter to the Department of Justice for collection enforcement. Defendant does not dispute that he obtained the loan or that he defaulted on that loan but instead alleges that the loan agreement resulted from false and fraudulent representations made to him by the USA Training Academy in the form of promised employment. When that employment never materialized, Defendant was unable to find a job on his own. According to Defendant, the USA Training Academy is now out of business.

### III. LEGAL STANDARD

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings combined with the affidavits in support show that no genuine issue as to any material fact remains, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted). In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324. The non-moving party must demonstrate more than some metaphysical doubt as to the material facts. It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339–40 (6th Cir. 1993).

## IV. ANALYSIS

Defendant admits he took out the loan and did not make payments on it. Defendant argues, however, that he should no longer be liable for the loan. Defendant argues that the school he attended falsely and fraudulently represented that Defendant was guaranteed a job upon completion of his training. This argument lacks merit. Courts have rejected the assertion that misconduct by a school absolves a borrower of his obligation to repay his student loans. *See Veal v. First American Savings Bank*, 914 F.2d 909 (7th Cir. 1990); *United States v. Olavarrieta*, 812 F.2d 640 (11th Cir. 1987); *United States v. Cawley*, 821 F. Supp. 1219, 1224 (E.D. Mich. 1993).

Defendant also alleges what amounts to a laches defense, maintaining that the government filed its complaint 13 years after Defendant's default. The government is typically not subject to the defense of laches when enforcing its rights. *United States v. Summerlin*, 310 U.S. 414, 416

(1940). The majority of courts considering the issue have held that a borrower may not use the defense of laches against a suit by the government to enforce a student loan. *See United States v. Lawrence*, 276 F.3d 193, 196 (5th Cir. 2001); *United States v. Robbins*, 819 F. Supp. 672, 678–79 (E.D. Mich. 1993); Kris Aungst, *Student-loan Dischargeability: Does the Doctrine of Laches Apply?*, 23-6 AM. BANKR. INST. J. 42 (2004).

Furthermore, even if the defense of laches was available, see *United States v. Rhodes*, 788 F. Supp. 339, 342–43 (E.D. Mich. 1992), Defendant has not shown that he would be entitled to use it. To succeed with a laches defense, Defendant must show that he was prejudiced by the government's unreasonable delay in bringing the case. *Ford Motor Co. v. Catalanotte*, 342 F.3d 543, 550 (6th Cir. 2003). In this case, Defendant received notice regarding the loan in 1995–just one year after he defaulted. Defendant could have sought forbearance and a repayment plan at that time, but chose to take no action. Thus, Defendant cannot now claim any prejudice was due to the government's delay.

Because Defendant admits to obtaining the loan and has not raised a valid defense, the Court finds that Defendant is liable for the loan as a matter of law. Summary judgment is GRANTED for Plaintiff.

## V. CONCLUSION

For the above reasons, Plaintiff's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

                                            s/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated: November 2, 2007

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 2, 2007.

                                            s/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290